UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CHRISTOPHER B. BROCK, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case No. 4:20-cv-31, 4:15-cr-12 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:20-cv-31; Doc. 33 in Case No. 4:15-cr-12). For the following reasons, the Court **DENIES** the motion.

**I.    BACKGROUND**

In 2016, Petitioner pled guilty to and was subsequently convicted of one count of knowingly possessing a firearm as a convicted felon. (*See* Doc. 20 in Case No. 4:15-cr-12.) He was sentenced to 57 months' imprisonment followed by three years of supervised release. (Doc. 27 in Case No. 4:15-cr-12.) Petitioner did not appeal his conviction or sentence. On June 18, 2020, he filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:20-cv-31; Doc. 33 in Case No. 4:15-cr-12). In his motion, he argues that his offense must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

On October 27, 2020, the Court granted Petitioner's motion to hold this matter in abeyance pending the Supreme Court's resolution of *United States v. Michael Andrew Gary*, No.

20-444, and *United States v. Rodney Lavalais*, No. 20-5489. (Doc. 9 in Case No. 4:20-cv-31.) The Supreme Court has since resolved these cases. *See Greer v. United States*, 141 S. Ct. 2090 (2021). The Court will therefore resolve Petitioner's motion, which has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III.     28 U.S.C. § 2255 MOTION

Petitioner's § 2255 motion fails because his claims are untimely, procedurally defaulted, and meritless.

#### A. Timeliness of Petitioner's § 2255 Motion

Petitioner's motion is based on his claim that *Rehaif* voids his 18 U.S.C. § 922(g) conviction. (*See* Doc. 1 in Case No. 4:20-cv-31; Doc. 33 in Case No. 4:15-cr-12.) Thus, the statute of limitations in § 2255(f) runs from the latest of "the date when the judgment of conviction becomes final" or "the date when the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Because Petitioner did not appeal, his conviction became final on May 18, 2016, fourteen days after the Court entered judgment, when his window to file a notice of appeal closed. (*See* Doc. 27 in Case No. 4:15-cr-13 (judgment entered on May 3, 2016)); Fed. R. App. P. 4(b)(1)(A)(ii); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004).

Before analyzing whether Petitioner's § 2255 motion was brought within one year from "the date when the right asserted was initially recognized by the Supreme Court," the Court must first consider whether the right announced in *Rehaif* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although the Sixth Circuit has not yet addressed the issue,[1] courts of appeals for other circuits and several district courts in the Sixth Circuit have concluded that *Rehaif* is not retroactively applicable on collateral review. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *United States v. Burley*, No. 3:14-CR-122, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases). The Court agrees with the many other courts finding that *Rehaif* has not been made retroactive. Petitioner's motion is therefore untimely because it was not filed within one year from the date on which his judgment became final.

---

[1] In *Greer*, the Sixth Circuit held that the defendants were not entitled to plain-error relief based on their *Rehaif* claims which were raised for the first time on appeal. 141 S. Ct. at 2096. Accordingly, the decision in *Greer* does not answer the retroactivity question or otherwise affect the merits of Petitioner's § 2255 motion.

### B. Procedural Default

Even if Petitioner's § 2255 motion was timely, his *Rehaif* argument is procedurally defaulted. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as a felon. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection on direct appeal would not have been futile and that the objection was not unavailable to the petitioner); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks and citations omitted)). Thus, Petitioner's claim is procedurally defaulted.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537 (1986)—*i.e.*, that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this case, the question is whether the Government would have been able to put forward evidence such that a reasonable juror would have concluded Petitioner was aware of his status as a felon when he possessed a firearm. Petitioner had been convicted of (1) Indiana dealing in a controlled substance, a Class B felony, (2) Indiana possession of cocaine over 3 grams, (3) Tennessee theft of property over $1,000, and (4) Ohio attempted illegal manufacturing of drugs (methamphetamine), before he possessed a firearm in connection with this case. (Doc. 24, at 6–11, in Case No. 4:15-cr-12.) He

had also served more than fourteen years in prison for these convictions. (*Id.*) As a result, a reasonable juror would likely find that he was aware of his status as a felon, and, thus, he cannot make a threshold showing of actual innocence. Accordingly, the procedural default is not excused.

Finally, the Court notes that Petitioner's previous felony convictions also provide strong evidence that his *Rehaif* claim—even if it were not procedurally defaulted—is meritless because the failure to instruct the jury as to the awareness-of-status element was harmless error, rather than an error of "constitutional magnitude" or one that would render his trial invalid. *See Short*, 471 F.3d at 691; *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (noting that, on collateral review, a petitioner must show that any error had a "substantial and injurious effect or influence in determining the jury's verdict").

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1 in Case No. 4:20-cv-31; Doc. 33 in Case No. 4:15-cr-12) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and

would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**